**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>SHANE STONE,<br>*Defendant-Appellant*. | No. 11-10618<br><br>D.C. No.<br>1:11-cr-00008-<br>LJO-1<br><br>OPINION |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted
December 4, 2012—San Francisco, California

Filed February 7, 2013

Before: Richard D. Cudahy,* Stephen S. Trott, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Trott

---

* The Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

## SUMMARY[**]

### Criminal Law

Affirming a conviction for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1), the panel held that the Supreme Court's decision in *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), did not disturb this court's existing holding that the government need not prove that a defendant knew the firearm or ammunition had traveled in interstate commerce in order to obtain a § 922(g)(1) conviction.

### COUNSEL

Carolyn M. Wiggin, Federal Public Defender's Office, Sacramento, California, for Defendant-Appellant.

Kimberly A. Sanchez, United States Attorney's Office, Fresno, California for Plaintiff-Appellee.

### OPINION

TROTT, Circuit Judge:

Shane Stone appeals his conviction for being a felon in possession of ammunition in violation of 18 U.S.C.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

§ 922(g)(1).  In *United States v. Miller*, we held that "[t]he Government did not need to prove that [a defendant] knew the firearm [or ammunition] had traveled in interstate commerce" to obtain a conviction under § 922(g)(1).  105 F.3d 552, 555 (9th Cir. 1997), *overruled in part on other grounds by Caron v. United States*, 524 U.S. 308 (1998). Stone argues that the Supreme Court's decision in *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), effectively overruled *Miller*.  Because we do not read *Flores-Figueroa* as affecting our interpretation of § 922(g)(1), we affirm Stone's conviction.

## I.

Stone was indicted on one count of violating § 922(g)(1). Prior to the start of the trial, Stone requested an instruction that would have required the Government to prove that Stone knew the ammunition in his possession had traveled in interstate commerce, citing *Flores-Figueroa*.  The district court declined to give the instruction because it believed that extending the mens rea requirement to the interstate commerce element "would basically remove the statute from the books."

At trial, the Government offered evidence that the ammunition found in Stone's possession had traveled in foreign and interstate commerce, but not that Stone knew of its origins.  As a result, the defense moved for a judgment of acquittal, again relying on *Flores-Figueroa*.  The district court denied the motions, and the jury convicted Stone.

## II.

We review de novo the district court's ruling on Stone's motion for a judgment of acquittal. *United States v. Sutcliffe*, 505 F.3d 944, 959 (9th Cir. 2007). Because Stone argues that the jury instructions misstated the law and deprived him of his theory of the case, our review of the jury instructions also is de novo. *United States v. Tucker*, 641 F.3d 1110, 1122 (9th Cir. 2011); *United States v. Wiseman*, 274 F.3d 1235, 1240 (9th Cir. 2001).

## III.

The federal felon-in-possession statute makes it "unlawful for any person . . . who has been convicted in any court of, [sic] a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce[] any firearm or ammunition." 18 U.S.C. § 922(g)(1). Section 922 does not contain a mens rea requirement. Instead, Congress inserted the mens rea requirement into a separate penalty provision, 18 U.S.C. § 924. The relevant paragraph reads: "[W]hoever knowingly violates subsection . . . (g) . . . of section 922 . . . shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2). Under this circuit's precedent, the Government must show that the  defendant knowingly possessed ammunition, but not that the defendant knew of his status as a felon or that the ammunition traveled in interstate commerce. *Miller*, 105 F.3d at 555; *see also United States v. Beasley*, 346 F.3d 930, 933–34 (9th Cir. 2003) ("To establish a violation of § 922(g)(1), the government must prove [only] three elements beyond a reasonable doubt: (1) that the defendant was a convicted felon; (2) that the defendant was in knowing possession of a

firearm; and (3) that the firearm was in or affecting interstate commerce."). Stone argues that this circuit's holding in *Miller* is irreconcilable with the Supreme Court's holding in *Flores-Figueroa* and, therefore, is no longer good law. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (holding that a panel may break with circuit precedent in light of "irreconcilable" higher authority).

In *Flores-Figueroa*, the Court interpreted a provision of the federal aggravated identity theft statute that imposes a enhanced penalty on a person who "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person" during the commission of certain predicate crimes. 18 U.S.C. § 1028A(a)(1). The issue was whether "knowingly" modified the entire object of the sentence or just the words "a means of identification." *Flores-Figueroa*, 556 U.S. at 650. Viewing the issue primarily "[a]s a matter of ordinary English grammar," the Court held that "knowingly" applies to the entire object of the sentence. *Id.* at 650. Therefore, the defendant must have known the means of identification belonged to another person. *Id.* at 657.

In Stone's view, *Flores-Figueroa* requires the same grammatical treatment be applied to §§ 922(g)(1) and 924(a)(2). But as Justice Alito pointed out in his concurrence, the Court in *Flores-Figueroa* did not announce an "inflexible rule of construction." *Id.* at 661 (Alito, J., concurring). Rather, statutory interpretation remains a contextual matter. *Id.* at 652 (majority op.). As this circuit and our sister circuits have recognized, the context in which §§ 922(g)(1) and 924(a)(2) were enacted does not suggest Congress intended to extend the mens rea requirement to the interstate commerce element. *See United States v. Miller*,

105 F.3d at 555 (relying on *United States v. Capps*, 77 F.3d 350 (10th Cir. 1996); *United States v. Langley*, 62 F.3d 602 (4th Cir. 1995) (en banc); and *United States v. Dancy*, 861 F.2d 77 (5th Cir. 1988) (per curiam)); *see also United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003) (reaffirming *Miller*).

Moreover, the interstate commerce element is purely jurisdictional, i.e., it merely "enhances an offense otherwise committed with an evil intent" to the federal level. *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 n.3 (1994); *see also United States v. Feola*, 420 U.S. 671, 685 (1975) (knowledge that the victim the defendant assaulted was a federal officer is irrelevant); *United States v. Howery*, 427 F.2d 1017, 1018 (9th Cir. 1970) (knowledge that the property the defendant stole belonged to the United States is irrelevant). A convicted felon cannot reasonably expect to possess firearms and ammunition free from restriction. Congress included the interstate commerce element to ensure that its efforts to enforce that obvious reality were constitutional. *See Scarborough v. United States*, 431 U.S. 563, 575 (1977). Although the Supreme Court in *Scarborough* was interpreting § 922's predecessor statute, this court has held its interpretation applies to § 922(g)(1). *United States v. Sherbondy*, 865 F.2d 996, 1000–01 (9th Cir. 1988). As such, Stone's knowledge of the ammunition's interstate connection is irrelevant.

**IV.**

For the foregoing reasons, we hold that *Flores-Figueroa* did not disturb this court's existing interpretation of §§ 922(g)(1) and 924(a)(2). Accordingly, the judgment of the district court is affirmed.

**AFFIRMED.**