NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10411 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00356-LDG-VCF-4 |
| v. | |
| KELLY NUNES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10481 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00356-LDG-VCF-1 |
| v. | |
| JEANNIE SUTHERLAND, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Argued and Submitted February 12, 2014
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT and THOMAS, Circuit Judges, and SESSIONS, District Judge.[**]

Kelly Nunes and Jeannie Sutherland appeal from a judgment of conviction after a jury found both guilty of one count of conspiracy to commit wire fraud, mail fraud, and bank fraud, in violation of 18 U.S.C. § 1349, and one count of bank fraud, in violation of 18 U.S.C. § 1344. Nunes seeks reversal of his conviction on the ground that the district court misstated the materiality element of the bank fraud offenses in the jury instructions. Sutherland seeks reversal of her conviction on the grounds that the district court erred by failing to give a specific unanimity jury instruction on the conspiracy count and abused its discretion by denying her motion for severance and by excluding evidence and expert testimony. She also contends that the evidence presented at trial was insufficient to support her conviction and that her trial counsel provided ineffective assistance. The appeals are consolidated and we affirm on all grounds.

Because Nunes argues that the jury instructions misstated the law and deprived him of his theory of the case, we review *de novo*. *United States v. Stone*, 706 F.3d 1145, 1146 (9th Cir. 2013). The instruction, which was taken from the

---

[**]      The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

Ninth Circuit model jury instructions, is consistent with the Supreme Court's characterization of materiality as encompassing an objective standard. *See Neder v. United States*, 527 U.S. 1, 16, 36 (1999). Furthermore, while the district court did not adopt Nunes's requested theory of defense instruction, the jury instructions "adequately cover[ed Nunes's] defense theory." *United States v. Bush*, 626 F.3d 527, 539 (9th Cir. 2010).

Sutherland did not challenge the unanimity instruction before the district court and therefore it is reviewed for plain error. *United States v. Moran*, 493 F.3d 1002, 1009 (9th Cir. 2007). General unanimity instructions are sufficient in routine cases where unanimity can be presumed. *United States v. Ferris*, 719 F.2d 1405, 1407 (9th Cir. 1983). The district court did not commit plain error in providing a general unanimity instruction here.

The district court did not abuse its discretion in refusing Sutherland's motion to sever as the joinder did not render the trial manifestly prejudicial. *United States v. Doss*, 630 F.3d 1181, 1192 (9th Cir. 2011). It also acted within its discretion when excluding irrelevant evidence and expert testimony. *United States v. Ramirez*, 176 F.3d 1179, 1182 (9th Cir. 1999) (evidentiary rulings to be reversed for abuse of discretion only where error "more likely than not affected the verdict"); *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000) (district

3

court's ruling on expert testimony only reversed for abuse of discretion where "manifestly erroneous").

The evidence provided at trial was sufficient to support Sutherland's conviction because when viewing the evidence in the light most favorable to the prosecution, a reasonable juror could find sufficient evidence to convict. *See United States v. Rizk*, 660 F.3d 1125, 1134 (9th Cir. 2011).

Finally, we will not consider Sutherland's ineffective counsel claims on direct appeal because the record is not sufficiently developed to permit review and because Sutherland has not demonstrated that her counsel was "obviously" deficient in violation of the Sixth Amendment. *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000).

**AFFIRMED**.