# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1480
_____

United States of America

*Plaintiff - Appellee*

v.

Gabriel Lazaro Garcia-Hernandez, also known as Gabriel L. Garcia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: September 10, 2015
Filed: October 16, 2015

_____

Before RILEY, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Gabriel Lazaro Garcia-Hernandez, a convicted felon, of possessing at least one firearm or ammunition, and a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) and §§ 922(k), 924(a)(1)(B). He appeals, challenging the jury instructions and the sufficiency of the evidence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

During a search, Garcia-Hernandez told the agents they would find five firearms at his apartment—a .38, .45, .22, and two rifles. Searching his one-bedroom apartment, the agents found two firearms—a .38 and a .22 rifle—and ammunition. The .22 was in the bedroom closet with his clothes, shoes, and other personal belongings. The .22's serial number was visibly scratched out and unreadable. Several rounds of .22 ammunition were in a dresser beside the bed. Also in the closet were other ammunition of various types and calibers. In the dining area was a backpack with three more firearms.

Before trial, Garcia-Hernandez stipulated to a previous felony conviction that prohibited him from possessing a firearm or ammunition. At trial, he did not object to the jury instructions. The jury convicted on both counts. Garcia-Hernandez appeals.

I.

Garcia-Hernandez claims that the jury should have been instructed to find he knew the firearm and ammunition were in or affecting interstate commerce.

Because he did not timely object, the jury instructions are reviewed for plain error. **United States v. Poitra**, 648 F.3d 884, 887 (8th Cir. 2011) ("We typically review a challenge to jury instructions for an abuse of discretion. Where a party fails to timely object to an instruction at trial, however, we review only for plain error."). This court has the discretion to reverse if the defendant shows "(1) an error, (2) that was 'plain,' (3) 'affects substantial rights,' and (4) 'the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" **United States v. Fast Horse**, 747 F.3d 1040, 1042 (8th Cir. 2014), *quoting* **United States v. Olano**, 507 U.S. 725, 735-36 (1993). "A jury instruction is plainly erroneous if it misstates the law." **Id.**

Garcia-Hernandez's claim rests on his reading of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

> (g) It shall be unlawful for any person—
> > (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
> > . . .
> to . . . possess in or affecting commerce, any firearm or ammunition . . .

**18 U.S.C. § 922(g)(1)**. The elements of this offense are: "(1) previous conviction of a crime punishable by a term of imprisonment exceeding one year, (2) knowing possession of a firearm, and (3) the firearm was in or affecting interstate commerce." ***United States v. Montgomery***, 701 F.3d 1218, 1221 (8th Cir. 2012).

For the third element—that a firearm or ammunition was in or affecting interstate commerce—Garcia-Hernandez believes that 18 U.S.C. § 924(a)(2) imposes a mens rea requirement. Section 924(a)(2) says, "Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

Garcia-Hernandez invokes the *Menteer* case. ***United States v. Menteer***, 350 F.3d 767 (8th Cir. 2003), *vacated on other grounds*, 544 U.S. 916 (2005), *reinstated*, 408 F.3d 445 (8th Cir. 2005). The defendant there asserted that the Supreme Court decisions in *Staples* and *Lambert* require the government to prove both "his knowing possession of a firearm [and] also that he knew it was illegal for him to possess a firearm" under § 922(g)(1). ***Id.*** at 772, *referencing **Staples v. United States***, 511 U.S. 600 (1994) *and **Lambert v. California***, 355 U.S. 225 (1957). Garcia-Hernandez focuses on the statement that "unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." ***Id.*** at 773, *quoting **Bryan v. United States***, 524 U.S. 184, 193 (1998).

Garcia-Hernandez ignores *Menteer*'s statement that "statutes regulating potentially harmful or injurious items typically do not require the *mens rea* element that a defendant know the illegality of his conduct." *Id.* at 772, *citing **Staples***, 511 U.S. at 607. Because Menteer was a convicted felon, "all the government had to prove in this case was that Menteer knew he possessed a firearm; the government did not have to prove Menteer knew it was illegal to do so." *Id.* *See also **United States v. Hutzell***, 217 F.3d 966, 968 (8th Cir. 2000) (holding that the government did not have to prove the defendant "knew that it was illegal for him to possess a gun").

In Garcia-Hernandez's case, the government had to prove Garcia-Hernandez's firearm or ammunition had been in or affecting interstate commerce, not that he *knew* it had been in or affecting interstate commerce. The mens rea requirement in § 924(a)(2) does not apply to the interstate-commerce element of § 922(g)(1). ***United States v. Thompson***, 365 Fed. Appx. 42, 43 (8th Cir. 2010) (unpublished) (citing *Staples* and *Flores-Figueroa*, and holding that the district court did not err "plainly or otherwise, in instructing the jury" because: "The interstate commerce nexus in section 922(g) merely provides the basis for federal jurisdiction, and knowledge of this element is not required."). *Accord **United States v. Stone***, 706 F.3d 1145, 1147 (9th Cir. 2013) (holding the mens rea requirement in § 924(a)(2) did not extend to § 922(g)(1)'s interstate commerce element and that "the interstate commerce element is purely jurisdictional"); ***United States v. Langley***, 62 F.3d 602, 606 (4th Cir. 1995) (en banc) (analyzing § 922(g)(1)'s history, concluding "Congress did not intend . . . to place the additional evidentiary burdens on the government," and explaining it was "highly unlikely that Congress intended to make it *easier* for felons to avoid prosecution by permitting them to claim that they were unaware of their felony status and/or the firearm's interstate nexus."); ***United States v. Capps***, 77 F.3d 350, 353 (10th Cir. 1996) ("*Staples* and *X-Citement Video* have not changed the scienter requirements applicable to a prosecution under § 922(g)(1), and 'knowingly' still modifies only defendant's possession of the firearm."); ***United States v. Kirsh***, 54 F.3d 1062, 1071 (2d Cir. 1995) ("The requirement that the firearms have an interstate

nexus is a jurisdictional requirement that is 'satisfied merely upon a showing that the possessed firearm has previously . . . travelled in interstate commerce.'").

Garcia-Hernandez also invokes *Elonis v. United States*, 135 S. Ct. 2001 (2015). The *Elonis* case addressed 18 U.S.C. § 875(c), which "does not specify any required mental state." 135 S. Ct. at 2009. *Elonis* reiterated that the "presumption in favor of a scienter requirement should apply to *each* of the statutory elements that criminalize otherwise innocent conduct." **Id.** at 2011, *quoting* **United States v. X-Citement Video, Inc.**, 513 U.S. 64, 72 (1994). The Court held that "the crucial element separating legal innocence from wrongful conduct" necessitates a scienter requirement. **Id.**, *quoting* **X-Citement Video, Inc.**, 513 U.S. at 72. For Garcia-Hernandez, the crucial element separating legal innocence from wrongful conduct is that he was a felon in possession of a firearm and ammunition—not that the firearm and ammunition were in or affecting interstate commerce.

"The Supreme Court has explained that situations where the term 'knowingly' does not apply to all elements that follow it 'typically involve special contexts or . . . background circumstances that call for such a reading.'" **United States v. Bruguier**, 735 F.3d 754, 758 (8th Cir. 2013) (en banc), *quoting* **Flores-Figueroa v. United States**, 556 U.S. 646, 652 (2009). In *Flores-Figueroa*, the Court found no special context or background circumstances for 18 U.S.C. § 1028A(a)(1), which punishes whoever "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." **Flores-Figueroa**, 556 U.S. at 648. The Court concluded that the government must "show that the defendant *knew* that the 'means of identification' he or she unlawfully transferred, possessed, or used, in fact, belonged to 'another person.'" **Id.** at 647. The Court explained, "It makes little sense to read [§ 1028A(a)(1)]'s language as heavily penalizing a person who 'transfers, possesses, or uses, without lawful authority' a *something*, but does not know, at the very least, that the 'something' . . . is a 'means of identification.'" **Id.** at 650. "[T]he

inquiry into a sentence's meaning is a contextual one. . . . No special context is present here." *Id.* at 652.

In *Flores-Figueroa*, "Congress used the word 'knowingly' followed by a list of offense elements." *Id.* at 657. Section 922(g)(1) is different. The "knowingly" requirement is in a separate section, § 924(a)(2). Requiring a mens rea for all elements in § 922(g)(1) is less evident than requiring a mens rea for the list of elements in § 1028A(a)(1). *See Stone*, 706 F.3d at 1147 (holding that "*Flores-Figueroa* did not disturb this court's existing interpretation of §§ 922(g)(1) and 924(a)(2)" and therefore the mens rea requirement did not extend to the interstate commerce element); *Langley*, 62 F.3d at 606 (detailing the legislative history of § 922(g)(1) and § 924(a)(2) and concluding Congress did not intend to apply the mens rea requirement to the interstate commerce element of § 922(g)(1)); *United States v. Peters*, 364 Fed. Appx. 897, 898 (5th Cir. 2010) (unpublished) ("The determination that the 'knowingly' requirement in Section 924(a)(2) did not extend to Section 922(g)(1) was an alternate holding [of *Rose*], not dictum, and thus is binding precedent."), *interpreting United States v. Rose*, 587 F.3d 695, 705-06 (5th Cir. 2009). A special context is present here: the interstate commerce element provides federal jurisdiction. *See Thompson*, 365 Fed. Appx. at 43 (stating that the "interstate commerce nexus in section 922(g) merely provides the basis for federal jurisdiction, and *knowledge* of this element is not required." (emphasis added)); *Stone*, 706 F.3d at 1147 ("[T]he interstate commerce element [of § 922(g)(1)] is purely jurisdictional").

The district court[1] did not plainly err in not instructing the jury to find Garcia-Hernandez knew the firearm and ammunition were in or affecting interstate commerce.

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

II.

Garcia-Hernandez asserts that the government failed to present sufficient evidence he knew the serial number on the .22 rifle had been obliterated.

This court reviews *de novo* the sufficiency of the evidence, "viewing evidence in the light most favorable to the jury's verdict, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." ***United States v. Tillman***, 765 F.3d 831, 833 (8th Cir. 2014). A conviction is reversed "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." ***United States v. Sullivan***, 714 F.3d 1104, 1107 (8th Cir. 2013).

Garcia-Hernandez relies on *United States v. Haile*, 685 F.3d 1211 (11th Cir. 2012). The government there established "that [the defendant] discussed guns in general before the arrest and that agents found the gun in the flatbed of his truck (out of his reach) after the arrest." 685 F.3d at 1220-21. The Eleventh Circuit held that the evidence was not sufficient "even to show that [the defendant] possessed the gun for a period of time during which an ordinary man would have discovered that the serial number was obliterated." *Id.* at 1220.

The evidence here is stronger than the evidence in *Haile*. A reasonable jury could infer that Garcia-Hernandez knew the firearm had an obliterated serial number. First, the serial number was *visibly* scratched out, as apparent in the photo exhibit at trial. *See* ***United States v. Thornton***, 463 F.3d 693, 699 (7th Cir. 2006) ("After concluding that he knowingly possessed the gun, the jury also could have concluded that he knew the gun's serial number had been obliterated, given that one need only look at the gun to attain that knowledge."). Second, the firearm was found in Garcia-Hernandez's bedroom closet with his clothes and shoes. Third, he told police before the search that they would find "a .38, a .45, a .22, and then two rifles" at his

apartment, demonstrating knowledge of the firearms he owned. A reasonable jury could infer that Garcia-Hernandez knew of the firearm's obliterated serial number.

The evidence was sufficient to support Garcia-Hernandez's conviction.

* * * * * * *

The judgment is affirmed.

_____