# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1090

_____

Harris News Agency, Inc., doing business as Jim's Hobbies

*Plaintiff - Appellant*

v.

William L. Bowers, Deputy Assistant Director of Industry Operations Bureau of Alcohol, Tobacco, Firearms and Explosives

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - North Platte

_____

Submitted: November 18, 2015
Filed: December 22, 2015

_____

Before RILEY, Chief Judge, BEAM and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

Harris News Agency, Inc. (Harris News) applied for a federal license to sell guns. William Bowers, the Director of Industry Operations for the Kansas City Field Division of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), denied the application on the ground that the Harris News officers and co-owners willfully allowed a felon to possess firearms. The district court agreed. Because the

ATF did not show the Harris News officers and owners did anything to further the felon's possession of firearms, we reverse.

## I.     BACKGROUND

James Harris Sr. sold guns under a federal license at his store, Jim's Hobbies, in North Platte, Nebraska. James's wife, Lois Harris, and their two sons, James Harris Jr. and Brian Harris, worked with James Sr. at the store. Brian continued working there after he was convicted of a felony in Nebraska state court in 1992. His work included gunsmithing, which naturally involved handling guns.

In 2011, the ATF investigated a tip about Brian working with guns. The investigation eventually resulted in James Sr. pleading guilty to lying to an ATF investigator about Brian possessing guns at the store. See 18 U.S.C. § 1001(a)(2). Part of James Sr.'s plea deal was surrendering his firearms license. To "keep the family business going," Lois and James Jr. applied for a new license on behalf of Harris News, a corporation in which they are the president and vice president, respectively, and the only shareholders. They hoped to continue operating Jim's Hobbies, through Harris News, without James Sr.'s or Brian's involvement.

An applicant for a license to sell guns must not have "willfully violated any of the provisions of [18 U.S.C. ch. 44]." 18 U.S.C. § 923(d)(1)(C). The ATF, after an informal hearing, concluded Harris News willfully violated 18 U.S.C. § 922(g)(1) (part of the covered chapter) and denied the Harris News application. Section 922(g)(1) forbids felons to possess guns. The ATF's theory was that by working at Jim's Hobbies and "allowing" Brian to work with firearms and ammunition, Lois and James Jr. also had become liable for Brian's illegal possession under 18 U.S.C. § 2(a), which makes anyone who "aids, abets, counsels, commands, induces or procures" the commission of a federal crime "punishable as a principal." See also United States v. Roan Eagle, 867 F.2d 436, 445 (8th Cir. 1989) ("To be guilty of aiding and abetting is to be guilty as if one were a principal of the underlying offense.").

Harris News petitioned for "de novo judicial review" under 18 U.S.C. § 923(f)(3). On cross-motions for summary judgment, the district court ruled for the ATF, concluding "substantial evidence supports a finding that James Harris, Jr., violated [18 U.S.C. ch. 44] by allowing his brother, a convicted felon, to possess firearms at Jim's Hobbies" and "also establishes that James, Jr. was plainly indifferent to the unlawfulness of the situation, which is all that is required for a finding of willfulness." Harris News appeals. See 28 U.S.C. § 1291 (appellate jurisdiction).

## II.    DISCUSSION

We review de novo the grant of summary judgment. See, e.g., On Target Sporting Goods, Inc. v. Attorney Gen. of the U.S., 472 F.3d 572, 575 (8th Cir. 2007). If no material facts are in dispute, summary judgment is proper for the party entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a).

The crux of the ATF's decision was that Lois and James Jr. violated 18 U.S.C. § 922(g)(1) by "allowing" Brian to possess guns at work. Yet allowing someone to commit a crime—in the sense of simply not stopping it—is not the same as committing it. See, e.g., Johnson v. United States, 195 F.2d 673, 675 (8th Cir. 1952) ("[M]ere negative acquiescence is not sufficient [under 18 U.S.C. § 2(a)]."). To the contrary, liability as a principal for aiding and abetting requires "some conduct of an affirmative nature." Id. "'[A]iding and abetting' . . . assumes some participation in the criminal act in furtherance of the common design." Id. The ATF failed to find any such affirmative conduct. Nothing in the record suggests Lois or James Jr. gave Brian guns, told customers to give him guns, directed him to work with guns, or did anything else to further his possession of guns.[1]

---

[1]At oral argument, the ATF claimed substantial evidence showed James Jr. directed customers to Brian to have gunsmithing work done. In fact, the evidence was that while both James Sr. and Brian were out of the store, James Jr. told an undercover investigator who asked to have a scope mounted on his rifle that "the guy who would [do the gunsmithing] would be back shortly." According to the record,

The district court, for its part, recognized "[t]he [ATF] failed to explain how Lois and James, Jr. actually 'allowed' Brian to possess firearms." Nonetheless, the district court found a "sufficient basis for concluding that James, Jr. aided and abetted his brother in the unlawful possession of firearms" in the fact James Jr. was a "manager" at Jim's Hobbies. As a manager, the district court reasoned, James Jr. presumably had supervisory authority over gun sales and services. Perhaps, but even that would imply, at most, that James Jr. knew Brian handled guns and could have stopped him, but did not, which is still no more than negative acquiescence.

Absent a showing Lois and James Jr. affirmatively helped Brian possess guns illegally, the aiding-and-abetting statute does not make them liable for Brian's alleged violations of 18 U.S.C. § 922(g)(1).[2] We therefore do not reach the question of whether Lois or James Jr. acted willfully. Nor do we consider Harris News' appeal from the denial of its motion to compel discovery.

---

that was the extent of James Jr.'s involvement. When James Sr. and Brian returned, James Sr. approached the investigator, took his rifle, confirmed he wanted a scope mounted, and gave the rifle to Brian to work on. In context, James Jr.'s telling a purported customer to wait for another, unidentified worker, who obviously could have been James Sr., does not rise to the level of affirmative participation required for aiding-and-abetting liability. See Johnson, 195 F.2d at 675 ("As the term 'aiding and abetting' implies, it assumes some participation in the criminal act in furtherance of the common design.").

[2]Though Harris News does not raise the issue, we also note the record does not show the guns Brian worked with were in or affecting interstate commerce—an essential element of a violation of § 922(g)(1). See, e.g., United States v. Garcia-Hernandez, 803 F.3d 994, 996 (8th Cir. 2015). If the ATF failed to establish Brian's possession violated § 922(g)(1) in the first place, it could not have treated Lois and James Jr. as having broken the law by helping him, even if the ATF had shown some affirmative assistance. Cf. Roan Eagle, 867 F.2d at 445.

We do reject the proposition—advanced by the ATF at oral argument and perhaps implicit in its brief and also proposed by the district court's memorandum—that Lois and James Jr. willfully violated § 922(g)(1) as long as they knew Brian was working with guns, knew it was illegal, and exhibited "plain indifference to the unlawfulness going on."[3] That reasoning ignores the clear requirement under 18 U.S.C. § 923(d)(1)(C) that "*the applicant*"—that is, Harris News, through Lois or James Jr.—"willfully violated [§ 922(g)(1)]." (Emphasis added). Section 923(d)(1)(C) does not target willfulness in the abstract; it requires a specific act be done willfully, namely the violation of a federal gun law by a license applicant. Brian possessing guns, by itself, was not a violation by Lois or James Jr.; thus, Lois and James Jr. supposedly turning blind eyes to Brian's illegal gun possession cannot alone justify denying the Harris News application.

## III.    CONCLUSION

The ATF had no authority to deny the Harris News license application under 18 U.S.C. § 923(d)(1)(C). We reverse the entry of summary judgment in favor of the ATF and remand the case to the district court with directions to enter summary judgment in favor of Harris News.

———————————————

[3]Plain indifference to a known legal obligation constitutes willfulness for purposes of § 923(d)(1)(C). See On Target Sporting Goods, 472 F.3d at 575.