NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30071 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00058-SLG-2 |
| v. | |
| MIRANDA MAY FLOWERS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted August 15, 2018
Anchorage, Alaska

Before: HAWKINS, McKEOWN, and OWENS, Circuit Judges.

Miranda Flowers appeals her conviction, after a five-day jury trial, for

twelve counts of wire fraud under 18 U.S.C. § 1343. Flowers challenges the

sufficiency of the evidence supporting her conviction, the district court's denial of

her request for a good faith jury instruction, and its decision to give a deliberate

ignorance instruction. Because the parties are familiar with the facts, we do not

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo sufficiency of the evidence challenges. *United States v. Green*, 592 F.3d 1057, 1065 (9th Cir. 2010). We also review de novo whether the jury instructions correctly state the law and adequately present the defendant's theory. *United States v. Stone*, 706 F.3d 1145, 1146 (9th Cir. 2013). The district court's decision to give a deliberate ignorance instruction is reviewed for abuse of discretion. *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc).

The evidence was sufficient to support Flowers' conviction. A claim of insufficient evidence fails if after viewing the evidence in the light most favorable to the prosecution, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1161, 1164 (9th Cir. 2010) (en banc) (citation omitted). The government presented abundant evidence to support the conviction, including: Video surveillance of Flowers stashing allegedly stolen items into Best Storage Locker 4045; the keys to Locker 4045 found inside Flowers' purse; Flowers' statements to Anchorage Police and State Farm; incriminating emails to State Farm; Flowers' detailed list and photographs of the allegedly stolen items; and her attempt to withdraw her claim for insurance reimbursement once police began investigating the scheme. This extensive evidence was sufficient for a rational jury to conclude that the government proved the "essential elements of the crime

2

beyond a reasonable doubt." *Nevils*, 598 F.3d at 1163–64 (citation omitted).

Nor did the district court err in declining to give a good faith instruction. "[A] criminal defendant has 'no right' to *any* good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged." *United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004). Because the instructions correctly placed the burden of proof on the government, defined the elements of wire fraud, and correctly defined the required specific intent element, a separate good faith instruction was not required. *Id.*

Finally, the district court did not abuse its discretion in giving a deliberate ignorance instruction. A deliberate ignorance instruction is permitted if "the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge." *Heredia*, 483 F.3d at 922; *see also United States v. Ramos-Atondo*, 732 F.3d 1113, 1119 (9th Cir. 2013).

A rational jury could conclude that Flowers deliberately avoided learning the truth about a scheme to defraud State Farm. *See Heredia*, 483 F.3d at 924; *see also United States v. Jewell*, 532 F.2d 697, 702–04 (9th Cir. 1976) (en banc). The video evidence, physical evidence, items found in Locker 4045, Miranda's statements to Anchorage Police and State Farm, conflicting testimony at trial, and the detailed

list and photographs she provided could all support a conclusion by a rational jury that she was deliberately ignorant. *See Ramos-Atondo*, 732 F.3d at 1120.

Ultimately, there was no error in the jury instructions and, in any event, any claimed error was harmless in light of the overwhelming evidence supporting the conviction. *Green*, 592 F.3d at 1071 (citation omitted).

**AFFIRMED.**