**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1125
_____

ARMAMENT SERVICES INTERNATIONAL INC.;
MAURA ELLEN KELERCHIAN,
                                        Appellants

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA; DEPUTY DIRECTOR
BUREAU OF ALCOHOL TOBACCO FIREARMS & EXPLOSIVES;
DIRECTOR INDUSTRY OPERATIONS BUREAU OF ALCOHOL TOBACCO
FIREARMS & EXPLOSIVES; UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(No. 2:17-mc-00010)
District Judge:  Hon. Michael M. Baylson

Argued:  October 30, 2018

Before:  CHAGARES, JORDAN, and VANASKIE*, Circuit Judges.

(Filed: January 22, 2019)

---

* The Honorable Thomas I. Vanaskie retired from the Court on January 1, 2019, after the argument and conference in this case, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

Adam J. Kraut          [ARGUED]
Joshua Prince
Prince Law Offices
646 Lenape Road
Bechtelsville, PA 19505
          *Counsel for Appellants*

William M. McSwain
*United States Attorney*
Gregory B. David
*Assisitant United States Attorney*
*Chief, Civil Division*
Lauren E. DeBruicker          [ARGUED]
*Assistant United States Attorney*
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Jeffrey A. Cohen
*ATF Associate Chief Counsel*
John Kevin White
ATF Division Counsel
601 Walnut Street
Philadelphia, PA 19106
          *Counsel for Appellees*

_____

OPINION[+]
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Armament Services International, Inc. and Maura Kelerchian were denied firearms

licenses by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). They

---

[+] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

petitioned for judicial review of that decision under 18 U.S.C. § 923(f)(3). The District

Court granted summary judgment to ATF without permitting discovery. We will affirm.

I.

Maura Kelerchian and her husband Vahan Kelerchian jointly owned and operated

Armament Services International, Inc. ("ASI"), a federal firearms licensee, between 2002

and 2013.[1] In May 2013, Vahan was indicted for several violations of the Gun Control

Act and other felonies.[2] Vahan and employees of the Sheriff's Department for Lake

County, Indiana, bought 71 machineguns from the licensed firearms dealer Heckler and

Koch ("H&K") purportedly for official use, but instead disassembled them and sold the

parts for profit. Soon after Vahan's indictment, Maura informed ATF that Vahan was no

longer a responsible person on ASI's licenses, effective immediately, and ASI applied to

renew its licenses. Vahan was convicted. A few days later, Maura applied for her own

license to operate as a firearms dealer.

ATF denied Maura and ASI's applications under 18 U.S.C. § 923(d)(1)(C) for

willfully violating the Gun Control Act. ATF concluded that ASI had knowingly made

false statements with respect to the information required to be kept in H&K's transaction

records in violation of 18 U.S.C. § 924(a)(1)(A) and had unlawfully possessed

machineguns in violation of 18 U.S.C. § 922(o), and that Maura had aided and abetted

those violations. After a hearing, ATF affirmed this conclusion.

---

[1] Because we write only for the parties, we recite just those facts necessary to our decision.
[2] We use the Kelerchians' first names for ease of reference in distinguishing them.

3

Maura and ASI filed a petition for judicial review under 18 U.S.C. § 923(f)(3). ATF moved for summary judgment, and Maura and ASI moved to stay that motion to conduct discovery. The District Court denied discovery and granted ATF summary judgment, finding that the undisputed evidence proved that Maura and ASI willfully violated 18 U.S.C. § 924(a)(1)(A) and § 922(o). The court also held that collateral estoppel, the statute of limitations in 28 U.S.C. § 2462, and the time limits in 18 U.S.C. § 923(f)(4) did not apply. Maura and ASI timely appealed.

II.

We have appellate jurisdiction over the District Court's final order granting summary judgment to ATF under 28 U.S.C. § 1291. The District Court had jurisdiction under 18 U.S.C. § 923(f)(3) and 28 U.S.C. § 1331.

Under 18 U.S.C. § 923(f)(3), a district court conducts "de novo judicial review of [the] denial or revocation" of a federal firearms license, under which it "may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the hearing" before ATF. Here, the District Court did not hold an evidentiary hearing and instead resolved the case on ATF's motion for summary judgment based on the administrative record. Our review of the District Court's summary judgment decision is plenary, and we apply the same standard as the District Court to determine whether summary judgment was appropriate. E.g., Sconiers v. United States, 896 F.3d 595, 597 n.3 (3d Cir. 2018). In a § 923(f)(3) proceeding, summary judgment is "appropriate if no genuine issue of material fact exists about whether [the

4

licensee] willfully violated an applicable statutory or regulatory provision." Armalite, Inc. v. Lambert, 544 F.3d 644, 647 (6th Cir. 2008).

### III.

Anyone who imports, manufactures, or deals in firearms must apply for and receive a license from the Attorney General. 18 U.S.C. § 923(a).[3] The Attorney General "shall" approve an application for a license if certain criteria are satisfied. Id. § 923(d)(1). The criterion relevant here requires that "the applicant has not willfully violated any of the provisions of this chapter or regulations issued thereunder." Id. § 923(d)(1)(C). A violation of the Gun Control Act is willful where the licensee: (1) knew of his legal obligation under the Gun Control Act, and (2) either purposefully disregarded or was plainly indifferent to its requirements. Simpson v. Attorney Gen. United States of Am., No. 17-3718, 2019 WL 81816, at *3 (3d Cir. Jan. 3, 2019).

ASI argues that it did not willfully violate either § 924(a)(1)(A) or § 922(o). Maura argues that she did not willfully aid and abet those violations. We disagree.

### A.

As for § 924(a)(1)(A), there is no doubt that Vahan caused H&K to make false statements in its records, but ASI argues that Vahan's acts cannot be ascribed to ASI because they were outside the scope of his employment. But ASI cites no authority for this proposition. On this record, it is beyond reasonable dispute that ASI knew of Vahan's actions and is thus, under the licensing regime, responsible for his conduct. See

---

[3] The Attorney General has delegated his licensing decisions to ATF. See 28 C.F.R. § 0.130(a)(1).

Stein's Inc. v. Blumenthal, 649 F.2d 463, 467–68 (7th Cir. 1980). The fact that one subsection of § 923(d)(1) defines "the applicant" as "including, in the case of a corporation, . . . any individual possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of the corporation" suggests that the actions of a corporate licensee's president are ascribable to the corporate licensee. 18 U.S.C. § 923(d)(1)(B).

Maura willfully aided and abetted the violation of § 924(a)(1)(A). She was ASI's vice president and a responsible person on its licenses, and a co-conspirator testified that she appeared to know what was going on with the firearms based on his email communications with her. She argues that her role was merely secretarial, but offers no reason a secretary cannot aid and abet a violation of the Gun Control Act. The facts show that Maura did just that: she sent the Sheriff's Department templates for the falsified demonstration letters that they used to acquire the machineguns and, once they acquired the guns, instructions on how to cut them up to sell for parts. Since this information advanced illegal ends, it does not matter that the information itself was publicly available. Regardless of whether this evidence shows that Maura shared in her husband's criminal intent beyond a reasonable doubt, it surely gave ATF "reason to believe that [she was] not qualified to receive a license" due to at least plain indifference to the requirements of the Gun Control Act. 27 C.F.R. § 478.71.

These facts make this case unlike Harris News Agency, Inc. v. Bowers, 809 F.3d 411 (8th Cir. 2015), upon which Maura relies. There, ATF denied Harris News a firearms license because ATF concluded that the company's principals had aided and

6

abetted a violation of the Gun Control Act by "allowing" it to happen. Id. at 413. The Court of Appeals for the Eighth Circuit reversed because ATF had found no "affirmative conduct" by the principals, and only mere "negative acquiescence" in the underlying violation. Id. Here, Maura did not just "allow" the violation — she helped.

We also reject Maura and ASI's efforts to dispute that H&K's records contained misrepresentations. Even if the conspirators intended the Department ultimately to receive 15 to 20 complete firearms, the recipient of over 50 machineguns would still have been misrepresented. And, in actuality, none of these machineguns were ever "ultimately transferred via proper forms to the Sheriff's Department." ASI Br. 37. These arguments fail to raise genuine disputes of material fact over ASI and Maura's violations of § 924(a)(1)(A).

B.

Turning to § 922(o), ATF identified five machineguns that ASI acquired using falsified letters requesting the firearms for police department demonstrations and then unlawfully possessed from mid-2009 until ATF seized them in 2013. ASI disputes that its possession was unlawful — because the letters were authorized by the Sheriff's Department and approved by ATF, because demonstrations need not actually occur, and so on. Maybe ASI could have acquired these machineguns lawfully under different circumstances. But here the demonstrations were fictitious from the outset and the weapons were cut up and sold for parts. That possession was unlawful.

Maura aided and abetted this violation. As discussed above, she emailed a co-conspirator in the Sheriff's Department to coordinate sending the demonstration letters,

7

including telling him when to send them and sending him a sample letter. Later, although she knew that the machineguns had been acquired only for police demonstrations, she sent that same co-conspirator instructions on how to cut them up into parts. In doing so, she purposefully disregarded or was at least plainly indifferent to the prohibition on unlawful possession of machineguns in § 922(o).

In sum, the undisputed facts demonstrate that ASI and Maura willfully violated two provisions of the Gun Control Act, and summary judgment was appropriate.

IV.

We also reject ASI and Maura's remaining four challenges to ATF's license denials.

First, Maura argues that ATF is collaterally estopped from considering her a co-conspirator because there was a judicial determination that she was not a co-conspirator at Vahan's criminal trial. Not so. The court held that Maura acted as Vahan's agent and did not conclude that she was not a co-conspirator (on the contrary, the court stated that there was enough evidence to consider Maura a co-conspirator). United States v. Kelerchian, 13-cr-66 (N.D. Ind.), ECF No. 192 at 229–232. And this point is irrelevant anyway, since ATF ultimately denied Maura's application as an aider and abettor, not a co-conspirator. So there is no basis for collateral estoppel.

Second, Maura and ASI argue that ATF cannot deny their applications because Vahan was indicted more than a year before the denials and because Vahan's convictions are not final. Under 18 U.S.C. § 923(f)(4), "[i]f criminal proceedings are instituted against a licensee" for violating the Gun Control Act but "the licensee is acquitted," ATF

8

cannot deny or revoke its licenses based on the same conduct and cannot institute revocation proceedings more than a year after the indictment. But no criminal proceedings were instituted against Maura or ASI, since neither were indicted. Plus, ATF did not revoke their licenses; rather, Maura and ASI applied for new and renewed licenses. And Vahan's convictions — final or not — are not dispositive, since ATF's denials were also based on the guilty pleas of the co-conspirators, documentary and testimonial proof of affirmative acts by Maura, and Maura's interview with ATF. So, the limits imposed by § 923(f)(4) do not apply.

Third, Maura and ASI argue that ATF is time-barred from denying their applications by 28 U.S.C. § 2462, which as relevant provides that "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued." Denying a license, however, is just that; it is not an action, suit, or proceeding for the enforcement of any civil fine, penalty, or forfeiture. Accordingly, 28 U.S.C. § 2462 does not apply.

Fourth and finally, in a footnote, Maura and ASI "object to the consideration of H&K's Acquisition and Disposition Records under the Tiahrt Amendment." ASI Br. 32 n.30. "Federal courts of appeals refuse to take cognizance of arguments that are made in passing without proper development." Johnson v. Williams, 568 U.S. 289, 299 (2013); see also Papp v. Fore-Kast Sales Co., 842 F.3d 805, 815 (3d Cir. 2016) (refusing to consider argument raised only in a "footnote, standing alone, [that] does not sufficiently present [an] argument on the issue"). Thus, we need not consider this point. In any

9

event, it is plain that ASI willfully violated the Gun Control Act and Maura aided and abetted those violations, even without considering H&K's records.

V.

We turn last to Maura and ASI's argument that the District Court should have permitted discovery before granting ATF summary judgment. Under Federal Rule of Civil Procedure 56(d), if a party "cannot present facts essential to justify its opposition" to summary judgment, the court may allow discovery. We review a district court's disposition of a Rule 56(d) motion for abuse of discretion. See Woloszyn v. Cty. of Lawrence, 396 F.3d 314, 324 n.6 (3d Cir. 2005). A district court abuses its discretion when it makes "a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW v. Mack Trucks, Inc., 820 F.2d 91, 95 (3d Cir. 1987).

We cannot conclude that the District Court abused its discretion. The court was correct that the Gun Control Act does not require it to consider evidence outside the administrative record. And ASI and Maura's reasons for requesting discovery were unpersuasive. ASI sought discovery to support its arguments that § 932(f)(4) or 28 U.S.C. § 2462 bars ATF from denying its applications, but these provisions do not apply for the reasons set forth above. And Maura sought discovery about her involvement in the conspiracy, information she surely already possessed. Given this, and given that the statutory scheme permits the District Court to proceed solely on the administrative record, we conclude that the District Court acted within its discretion to deny discovery.

## VI.

For these reasons, we will affirm the District Court's order granting summary judgment to ATF.