# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2892

_____

United States of America

*Plaintiff - Appellee*

v.

Terrance Dion Rush

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: November 17, 2020
Filed: November 20, 2020
[Unpublished]

_____

Before ERICKSON, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Terrence Rush appeals after he pleaded guilty to a drug offense and to being a felon in possession of a firearm, and the district court[1] imposed sentence. He

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

contends that there was insufficient evidence supporting his guilty plea to being a felon in possession of a firearm. He also challenges his sentence and asserts that he received ineffective assistance of counsel.

We conclude that there was a sufficient factual basis for Rush's guilty plea to the felon-in-possession charge. See United States v. Christenson, 653 F.3d 697, 700 (8th Cir. 2011) (reviewing challenge to unobjected-to factual basis for guilty plea for plain error); United States v. Garcia-Hernandez, 803 F.3d 994, 997 (8th Cir. 2015) (mens rea requirement does not apply to interstate-commerce element of 18 U.S.C. § 922(g)); see also Rehaif v. United States, 139 S. Ct. 2191, 2196 (2019) (presumption in favor of scienter requirement does not apply to jurisdictional elements). In addition, we find no merit to Rush's sentencing challenge, and we decline to address any claims of ineffective assistance of counsel in this direct appeal. See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (in general, ineffective-assistance claim is not cognizable on direct appeal; such claim is properly raised in 28 U.S.C. § 2255 action). Accordingly, we affirm. See 8th Cir. R. 47B.

_____