FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

CHANG RU MENG BACKMAN,
*Defendant-Appellant*.

No. 14-10078

D.C. No.
1:12-cr-00015-RVM-1

OPINION

Appeal from the United States District Court
for the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted
February 11, 2016—University of Hawaii Manoa,
Honolulu, Hawaii

Filed March 30, 2016

Before: Susan P. Graber, Jay S. Bybee,
and Morgan Christen, Circuit Judges.

Opinion by Judge Graber

## SUMMARY[*]

### Criminal Law

The panel affirmed a conviction and sentence for sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a).

The panel held that because § 1591(a) does not require commission of a sex act, the district court correctly did not give an instruction requiring the jury to find that the alleged coercion was the but-for cause of the victim's commercial sex acts. The panel held that the commerce element in § 1591(a)(1) has no mens rea requirement, and that the district court therefore correctly did not give an instruction requiring the jury to find that the defendant knew her actions affected interstate or foreign commerce.

The panel held that sufficient evidence supported the jury's finding of an effect on interstate commerce.

The panel held that the district court did not abuse its discretion in denying the defendant's motion to admit, under Fed. R. Evid. 412, evidence that the victims engaged in prostitution after the indictment period, where the motion did not specify the evidence sought to be admitted. The panel held that the district court did not abuse its discretion in denying the defendant an eleventh-hour opportunity to amend the Rule 412 motion. The panel held that exclusion of the proffered evidence was within constitutional bounds because

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the exclusion was neither arbitrary nor disproportionate to the purposes of the notice requirement, in that the district court could not conduct the in camera review and hearing mandated by Rule 412 without knowledge of the identity of the victims and the nature of the evidence.

The panel held that the district court correctly applied a vulnerable victim sentencing enhancement under U.S.S.G. § 3A1.1(b)(1).

## COUNSEL

David G. Banes (argued), O'Connor Berman Dotts & Banes, Saipan, Northern Mariana Islands, for Defendant-Appellant.

Garth R. Backe (argued) and Ross K. Naughton, Assistant United States Attorneys, Saipan, Northern Mariana Islands, for Plaintiff-Appellee.

## OPINION

GRABER, Circuit Judge:

Defendant Chang Ru Meng Backman appeals her conviction and sentence on one count of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a). The jury convicted Defendant of forcing into prostitution a Chinese woman who had been tricked into flying to Saipan on promises of a work visa and a legal job, when in fact the victim received only a tourist visa, was effectively imprisoned, and was told repeatedly that she had nowhere to turn and must engage in prostitution. On appeal, Defendant

argues that, under two recent Supreme Court decisions, the jury instructions were improper; that there was insufficient evidence to support the conviction; that the district court erred in denying her motion under Federal Rule of Evidence 412 to admit evidence of the victim's sexual conduct after the indictment period; and that the district court erred by applying a sentencing enhancement for a "vulnerable victim" under U.S.S.G. § 3A1.1(b)(1).  We affirm.

## FACTUAL AND PROCEDURAL HISTORY

The Trafficking Victims Protection Act of 2000 ("TVPA") criminalizes, among other acts, sex trafficking by force, fraud, or coercion.  18 U.S.C. § 1591(a).  The 2012 version of the statute, which applies here, provides:

> Whoever knowingly—
>
> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to

cause the person to engage in a commercial
sex act, [is guilty of a crime].

18 U.S.C. § 1591(a) (2012).   At trial, the government
introduced evidence that the victim was tricked into flying
from China to Saipan on promises of a work visa and a legal
job but that, upon arrival, she was taken to Defendant's
brothel, had her travel documents taken from her, and was
coerced into prostitution by Defendant.  A jury acquitted
Defendant on two counts concerning two other alleged
victims.  But the jury convicted her on the count pertaining to
the victim discussed in this opinion.

At sentencing, the district court adopted the presentence
report's calculated Guideline range, 188 to 235 months, and
imposed a high-end sentence of 235 months' imprisonment.
Defendant timely appeals.

## STANDARDS OF REVIEW

We review for plain error challenges to the jury
instructions raised for the first time on appeal. *United States
v. Moreland*, 622 F.3d 1147, 1165–66 (9th Cir. 2010).  We
review de novo the sufficiency of the evidence. *United States
v. Garcia*, 768 F.3d 822, 827 (9th Cir. 2014), *cert. denied*,
135 S. Ct. 1189 (2015).  We review de novo the interpretation
of the Federal Rules of Evidence, but we review for abuse of
discretion the district court's exclusion of evidence. *United
States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015), *petition
for cert. filed*, ___ U.S.L.W. ___ (U.S. Oct. 27, 2015) (No.
15-6793).

"There is an intracircuit split as to whether the standard of
review for application of the Guidelines to the facts is de

novo or abuse of discretion." *United States v. Tanke*, 743 F.3d 1296, 1306 (9th Cir. 2014). "There is no need to resolve this split where, as here, the choice of the standard does not affect the outcome of the case." *Id.*

## DISCUSSION

Defendant challenges (A) the jury instructions; (B) the sufficiency of the evidence; (C) the exclusion of evidence under Federal Rule of Evidence 412; and (D) the district court's application of a "vulnerable victim" sentencing enhancement. We reject each of Defendant's arguments.

### A. *Jury Instructions*

Defendant argues that the jury instructions were erroneous because (1) the instructions did not require "but-for causation" pursuant to *Burrage v. United States*, 134 S. Ct. 881 (2014); and (2) the instructions did not require knowledge of an effect on interstate or foreign commerce pursuant to *Flores-Figueroa v. United States*, 556 U.S. 646 (2009). Because Defendant did not object to the instructions before the district court, we review for plain error. *Moreland*, 622 F.3d at 1165–66. We conclude at step one of the plain-error inquiry that there was no error. Accordingly, we do not reach the other prongs, such as whether the error was "plain."

### 1. *But-for Causation*

In *Burrage*, 134 S. Ct. at 885, 892, the Supreme Court held that a statute criminalizing drug distribution when "death or serious bodily injury results from the use of such substance" required proof of but-for causation. Here, the statute requires that the defendant harbor a person (or take

another specified action) "knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used *to cause* the person to engage in a commercial sex act."   18 U.S.C. § 1591(a) (emphasis added).   Defendant asserts that, under the reasoning of *Burrage*, the district court erred by not giving an instruction requiring the jury to find that the alleged coercion was the but-for cause of the victim's commercial sex acts.

The district court did not err by declining to apply *Burrage* here.   Causation is not an element in a § 1591(a) prosecution, because a commercial sex act need not even occur:  "Case law makes clear that 'commission of a sex act or sexual contact' is not an element of a conviction under 18 U.S.C. § 1591."  *United States v. Hornbuckle*, 784 F.3d 549, 553 (9th Cir. 2015).  "What the statute requires is that the defendant know in the sense of being aware of an established modus operandi that will in the future coerce a prostitute to engage in prostitution."  *United States v. Brooks*, 610 F.3d 1186, 1197 n.4 (9th Cir. 2010) (internal quotation marks omitted).   Because the statute does not require commission of a sex act, the court correctly refused to require the jury to find that Defendant caused a sex act to occur.

## 2.   *Knowledge of an Effect on Interstate Commerce*

In *Flores-Figueroa*, 556 U.S. at 647, the Supreme Court considered a criminal statute punishing a person who "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." (Emphasis omitted.)   The Court held that the adverb "knowingly" applies to "means of identification of another person" so that a conviction requires that the defendant knew

that the identification belonged to another person. *Id.* at 657. The Court reached its conclusion primarily because of "strong textual reasons": "As a matter of ordinary English grammar, it seems natural to read the statute's word 'knowingly' as applying to all the subsequently listed elements of the crime." *Id.* at 650.

Here, the statute requires proof that Defendant "*knowingly*—(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person." 18 U.S.C. § 1591(a) (emphasis added). Defendant asserts that, under the reasoning of *Flores-Figueroa*, the district court erred by not giving an instruction requiring the jury to find that Defendant *knew* that her actions affected interstate or foreign commerce. In essence, Defendant argues that, for every criminal statute, the word "knowingly" *must* apply to all subsequent phrases in the statutory text.

We previously have rejected that general argument. In *United States v. Stone*, 706 F.3d 1145, 1146–47 (9th Cir. 2013), the defendant argued that *Flores-Figueroa* required that we apply the adverb "knowingly" to the commerce element of a firearm statute. We disagreed: "[T]he Court in *Flores-Figueroa* did not announce an 'inflexible rule of construction.' Rather, statutory interpretation remains a contextual matter." *Stone*, 706 F.3d at 1147 (citation omitted). Because of the firearm statute's context and the fact that the interstate commerce element is purely jurisdictional, we held that the adverb "knowingly" did not apply to the commerce element of the firearm statute. *Id.*

Here, it is most natural to read the adverb "knowingly" in § 1591(a) to modify the verbs that follow: "recruits, entices, harbors, transports, provides, obtains, or maintains." The phrase "in or affecting interstate or foreign commerce" describes the nature or extent of those actions but, grammatically, does not tie to "knowingly." *See United States v. Jefferson*, 791 F.3d 1013, 1017–18 (9th Cir. 2015) (holding that *Flores-Figueroa* does not apply to a criminal statute because the "statutory text and structure are not parallel to that of" the statute analyzed by the Supreme Court in *Flores-Figueroa*), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Feb. 3, 2016) (No. 15-8101); *United States v. Castagana*, 604 F.3d 1160, 1166 (9th Cir. 2010) (holding that, because the grammatical structure of the criminal statute at issue differed from the statute at issue in *Flores-Figueroa*, "*Flores-Figueroa* is simply not a useful model for construing" the statute at hand).

Moreover, we agree with and adopt the Seventh Circuit's persuasive explanation for rejecting the argument that the reasoning of *Flores-Figueroa* applies specifically to the commerce element in § 1591(a). *United States v. Sawyer*, 733 F.3d 228 (7th Cir. 2013). The longstanding presumption is that the jurisdictional element of a criminal statute has no mens rea. *Id.* at 229 (citing *United States v. Feola*, 420 U.S. 671, 676 n.9 (1975)). Nothing in the statute's text or legislative history suggests that Congress meant to upend that presumption in this statute. *Id.* at 229–31; *cf. United States v. Maciel-Alcala*, 612 F.3d 1092, 1101 (9th Cir. 2010) ("These practical considerations [about the application of the criminal statute at issue] are markedly different from those

involved in *Flores-Figueroa*."). We hold that the commerce element in § 1591(a)(1) has no mens rea requirement.[1]

B. *Sufficiency of the Evidence*

Defendant argues that the evidence was insufficient on the interstate or foreign commerce element. We must ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted). Here, sufficient evidence demonstrated an effect on both foreign and interstate commerce. "[A]ny individual instance of conduct regulated by the TVPA need only have a *de minimis* effect on interstate commerce." *United States v. Walls*, 784 F.3d 543, 548 (9th Cir.), *cert. denied*, 136 S. Ct. 226 (2015). "[A]n act or transaction that is economic in nature and affects the flow of money in the stream of commerce to any degree affects interstate commerce." *Id.* at 548–49 (internal quotation marks omitted). Here, Defendant knew that the victim had flown, in foreign commerce, from China to Saipan. Also, one of the victim's customers paid for the sex acts by checks drawn on an out-of-state bank. Sufficient evidence therefore supported the jury's finding of an effect on interstate or foreign commerce.

---

[1] In addition to the Seventh Circuit, at least one other circuit has reached the same conclusion, albeit in a pre-*Flores-Figueroa* case. *United States v. Evans*, 476 F.3d 1176, 1180 n.2 (11th Cir. 2007). No circuit has reached the opposite conclusion.

C. *Exclusion of Evidence under Federal Rule of Evidence 412*

Defendant argues that the district court erred by denying her motion to admit, under Federal Rule of Evidence 412, evidence that the victims engaged in prostitution after the indictment period. As relevant here, Rule 412 states:

> (a) Prohibited Uses. The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:
>
> > (1) evidence offered to prove that a victim engaged in other sexual behavior; or
> >
> > (2) evidence offered to prove a victim's sexual predisposition.
>
> . . . .
>
> (c) Procedure to Determine Admissibility.
>
> (1) Motion. If a party intends to offer evidence under Rule 412(b), the party must:
>
> > (A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered;
> >
> > (B) do so at least 14 days before trial unless the court, for good cause, sets a different time;

. . . .

(2) Hearing.   Before admitting evidence
under this rule, the court must conduct an in
camera hearing and give the victim and
parties a right to attend and be heard.  Unless
the court orders otherwise, the motion, related
materials, and the record of the hearing must
be and remain sealed.

On April 10, 2013, the district court presided over a
hearing on the admissibility of certain evidence.  At the end
of the hearing, the court noted that trial was set for May 20,
and the court turned to the issue of when any Rule 412
motions would be due.   The court noted that, under Rule
412(c)(1)(B), the deadline is 14 days before trial "unless the
Court for cause sets a different time."   The court then
explained that, for scheduling reasons, the due date for a Rule
412 motion was set at April 29, instead of May 6.  The court
gave the government until May 3 to file an opposition to any
Rule 412 motion filed by Defendant.   Finally, the court
reaffirmed that a pretrial motions hearing would be held on
May 8.

Defendant filed a terse Rule 412 motion on May 3—four
days too late.  The motion did not provide any details about
the proffered evidence, other than stating that Defendant
sought "to introduce evidence of the alleged victims' sexual
conduct after the indictment period."  The motion refers to an
attached declaration of counsel.  That declaration is not much
more specific, but it does note unspecified "sexual
commercial activities [that] occurred while [the victims] were
under the protection of the government."  The declaration
also states that "these sexual commercial activities also

occurred immediately after [the victims] first left Defendant's premises on March, 2009, and as described by [a named witness] in his deposition dated March 06, 2013." That nearly 100-page deposition covered many topics and spanned a time period of many months. Significantly, the deposition did not refer to any of the victims' names.

As scheduled, the district court presided over the pretrial motions hearing on May 8. In response to the court's questioning, Defendant's lawyer confessed that he had remembered the due date as May 3, not April 29. The court imposed a fine of $100 on Defendant's lawyer for the untimeliness but stated that the court would not hold the untimeliness against Defendant.

Turning to the merits of the motion, the government's lawyer raised the issue of specificity: "[W]e don't have specific evidence, Your Honor, the specifics. Whether it's in the form of testimony, whether it's the form of another witness coming forward. We have vague references to [the named witness'] testimony but what testimony?" The court agreed:

> Rule 412 requires more details than the allegation that there's some other sexual conduct[.] [E]ven in the declaration that you submitted . . . in support of the motion and notice is very vague. Vague as to who. We have three victims in this case and in regards to what particular instances we are dealing with a period from August of 2008 to March of 2009. So you need more particular information even if we were to consider it.

The court held that the "Rule 412 motion has failed to comply with Rule 412(c)(1)(A) that requires that the party must file a motion that specifically describes the evidence." Defendant's lawyer then moved to amend the motion, which the government lawyer "vehemently oppose[d]." The court ruled: "I am denying the defendant's motion for [Rule] 412 admission for any sexual conduct of the alleged victims pursuant to Rule [412(c)] for failing to specifically describe the evidence and your request to amend your motion because it is untimely and given the lack of opportunity that will be given to the Government, is denied." The court elaborated:

> A lot of the contents in your motion, as well as the declaration, are more conclusory and general reference. Again, we are dealing with three victims. When we discussed the issue of the Rule 15 deposition, I myself pointed out the only names I heard that [the witness] referenced were, I believe, [two common first names] and no one ever attached those names to any of the three victims that were actually named in the indictment.
>
> So your declaration doesn't even help me pinpoint this information as to which victim and how this is relevant to the case. So on the face of your own motion and declaration, this is far short of the notice requirement to give the Government an opportunity to properly respond by any particular arguments of fact or law.

We conclude that the district court did not abuse its discretion in denying Defendant's motions. The Rule requires that the party "file a motion that specifically describes the evidence." Fed. R. Evid. 412(c)(1)(A). That requirement makes sense in light of another of the Rule's procedural requirements—this one imposed on the court—that, "[b]efore admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard." Fed. R. Evid. 412(c)(2). Because Defendant's Rule 412 motion specified neither the precise evidence sought to be admitted nor the particular victims at issue, the court was unable to comply with the Rule's procedural requirements. Given all the circumstances, including that trial was scheduled for less than two weeks from the date of the hearing and that consideration of an amended motion would require a response from the government and an additional hearing involving the parties and the victims, it was not an abuse of discretion to deny Defendant an eleventh-hour opportunity to amend the Rule 412 motion.

We also conclude that the exclusion of the proffered evidence was within constitutional bounds, because the exclusion was "neither arbitrary nor disproportionate to the purposes of the notice requirement." *LaJoie v. Thompson*, 217 F.3d 663, 670 (9th Cir. 2000). As just noted, the district court did not deny the motion on timeliness grounds (even though the motion was late); instead, the court denied the motion because it was vague as to the precise nature of the evidence and because it failed to identify the victims. Without knowledge of the identity of the victims and the nature of the evidence, the court could not conduct the in camera review and hearing mandated by the Rule.

Moreover, this case is unlike *LaJoie* in an important respect. There, the government "conceded that [the proffered] evidence was relevant." *Id.* at 671. Here, by contrast, to the extent that we can discern the nature of Defendant's proffered evidence, its relevance, if any, is slight. We doubt that evidence that the victim engaged in commercial sex acts *after* she had been coerced into prostitution has a bearing on whether Defendant earlier took coercive actions. But, even assuming some relevance, the court's exclusion of the vaguely and insufficiently described evidence was neither arbitrary nor disproportionate to the purposes behind Rule 412's procedural requirements.

### D.  *"Vulnerable Victim" Enhancement*

The district court imposed a two-level sentencing enhancement under U.S.S.G. § 3A1.1(b)(1):   "If the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels." The district court found that the victim qualified as a vulnerable victim for many reasons:  She was tricked into arriving on the false promise of a work visa, when all she actually had was a tourist visa that prevented her from working legally; she "had no ties or family or friends on Saipan"; she "did not speak or read or understand any English whatsoever"; she needed to earn money for "her son, due to an injury he sustained"; "she was effectively under lock and key, in that she was limited in her movement, when and where she could go [and she] was always accompanied by [Defendant] or her agent"; and "she was repeatedly informed of the fact that she had nowhere else to turn to, and that if she did not comply, she would not be able to earn any other income, because of her illegal Immigration status." *See United States v. Peters*, 962 F.2d 1410, 1417 (9th Cir. 1992) (holding that, in

determining vulnerability under U.S.S.G. § 3A1.1, the sentencing court may consider "the characteristics of the defendant's chosen victim, the victim's reaction to the criminal conduct, and the circumstances surrounding the criminal act").

The Guideline "applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability." U.S.S.G. § 3A1.1 cmt. n.2. Vulnerability is *not* measured against the general population. *United States v. Castellanos*, 81 F.3d 108, 110 (9th Cir. 1996). Instead, an "unusually vulnerable victim is one who is less able to resist than the typical victim of the offense of conviction." *United States v. Castaneda*, 239 F.3d 978, 980 (9th Cir. 2001) (internal quotation marks omitted).

Here, the offense of conviction is "[s]ex trafficking . . . by force, fraud, or coercion," and the statute is part of the Trafficking Victims Protection Act. Defendant correctly points out that, in *Castaneda*, 239 F.3d at 982–83, we held that victims of a Mann Act sex-trafficking crime were not unusually vulnerable because "indebtedness, low income, and lack of financial resources or other options that would permit [the victims] to support themselves or pay for their passage back to the Phillippines if they left the club" do not "distinguish them from the typical victims of a Mann Act violator." We also acknowledge that, in enacting the TVPA, Congress recognized that victims of sex trafficking often have some of the same vulnerabilities that the district court found here. 22 U.S.C. § 7101. We nevertheless conclude that the vulnerability enhancement was proper—both because of the high number of vulnerabilities and the depth of the individual vulnerabilities. For example, the victim was not only

estranged from her home community, she had no ties *at all* on the geographically remote island of Saipan. Similarly, she did not merely have poor English skills; she "did not speak or read or understand any English *whatsoever*," and she was illiterate in her native language as well. (Emphasis added.) And she had more than typical indebtedness because of her injured son. Viewing all the circumstances, the district court correctly applied the vulnerability enhancement.

**AFFIRMED.**