**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>REYES VEGA, AKA Ray Vega,<br><br>Defendant-Appellant. | No.  14-50357<br><br>D.C. No. 2:13-cr-00295-R-1<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>AURORA BARRERA,<br><br>Defendant-Appellant. | No.  14-50381<br><br>D.C. No. 2:13-cr-00295-R-4 |

Appeals from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted September 1, 2016
Pasadena, California

_____

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: TASHIMA, WARDLAW, and BYBEE, Circuit Judges.

Reyes Vega and Aurora Barrera appeal their convictions for conspiracy to commit bank robbery and bank robbery by use of a dangerous device. We have jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm.

1. The defendants did not preserve the issue of severance, thereby waiving the claim on appeal. "Motions to sever must be timely made and properly maintained, or the right to severance will be deemed waived." *United States v. Kaplan*, 554 F.2d 958, 965 (9th Cir. 1977). Failure to renew a severance motion at the close of evidence "generally waives appellate review" unless the defendant "'can show either that he diligently pursued severance or that renewing the motion would have been an unnecessary formality.'" *United States v. Sullivan*, 522 F.3d 967, 981 (9th Cir. 2008) (quoting *United States v. Decoud*, 456 F.3d 996, 1008 (9th Cir. 2006)). Barrera did not renew her motion to sever at the close of evidence, and she did not demonstrate that she otherwise pursued severance or that a renewed motion at the close of evidence would have been futile. Vega failed entirely to move for severance or to join in Barrera's severance motion. Both defendants thus waived the issue of severance.

2. The district court's interjections during defendants' cross-examinations of prosecution witnesses did not constitute a Confrontation Clause violation. "A

2

limitation on cross examination 'does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant.'" *United States v. Holler*, 411 F.3d 1061, 1066 (9th Cir. 2005) (quoting *United States v. Bensimon*, 172 F.3d 1121, 1128 (9th Cir. 1999)). Because the defendants failed to identify any material lines of inquiry precluded by the district court's interruptions, those interruptions did not rise to the level of a constitutional violation.

3. The district court did not plainly err in admitting evidence of Vega's prior bad acts. A party whose counsel "either introduced or opened the door" to certain testimony may not subsequently challenge the use of that testimony against him. *Loher v. Thomas*, 825 F.3d 1103, 1118 (9th Cir. 2016). Vega's counsel relied on Vega's past romantic and business misconduct to corroborate Vega's alibi and impeach a prosecution witness. Because Vega opened the door to testimony regarding his romantic and business misconduct, the district court's admission of that testimony was not plain error.

4. The district court did not err in finding that the evidence presented at trial was sufficient to support Barrera's conviction for assault with a dangerous device. A conviction for assault requires, in relevant part, proof of "a threat or attempt to inflict bodily harm." *United States v. Brannon*, 616 F.2d 413, 419 (9th Cir. 1980) (citation omitted) (internal quotation marks omitted); *see also* 18 U.S.C. § 2113(d). Barrera's

co-worker Palomera testified that Barrera showed her a purported bomb and repeatedly said that they should comply with the robbers' demands because she didn't want anyone to get hurt. Accepting this evidence, a rational jury could have found beyond a reasonable doubt that Barrera threatened Palomera with bodily harm. *See United States v. Backman*, 817 F.3d 662, 667–68 (9th Cir. 2016).

5. Even if the district court erred in excluding Barrera's call to 911, the error was harmless. "We will reverse an evidentiary ruling for abuse of discretion 'only if such nonconstitutional error more likely than not affected the verdict.'" *United States v. Hinkson*, 585 F.3d 1247, 1282 (9th Cir. 2009) (en banc) (quoting *United States v. Edwards*, 235 F.3d 1173, 1178–79 (9th Cir. 2000)). Although the 911 call might have provided some corroboration for Barrera's account of events, the balance of the evidence supported the prosecution's theory and revealed inconsistencies in Barrera's defense. In addition, because Barrera testified in her own defense, the jury had an opportunity beyond the 911 call to assess her credibility. Any error arising from the exclusion of the evidence did not more likely than not affect the verdict.

**AFFIRMED.**