**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50065 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00498-BEN-1 |
| v. | |
| LUTHER GENE RAY, AKA Pumpkin, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted August 6, 2018
Pasadena, California

Before: HAWKINS, M. SMITH, and CHRISTEN, Circuit Judges.

Luther Gene Ray appeals his conviction and sentence for sex trafficking of children or by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The evidence was sufficient for the jury to find beyond a reasonable doubt that Ray trafficked the victim by force, threats of force, or coercion.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Uncontradicted testimony establishes that Ray used violence to enforce his rules on the victim, but he argues that there was no evidence that he used force, threats of force, or coercion to make the victim work as a prostitute against her will. However, the victim explicitly testified that the main reason Ray would hit her was because she was "just being lazy and not having things done his way." When asked whether "being lazy" meant "you didn't want to go work as a prostitute," she agreed. She also testified that when she first told Ray that she wanted to leave, he hit and choked her and would not allow her to go. This testimony, particularly when combined with reasonable inferences from testimony about Ray's control over the victim's prostitution work and his use of violence to enforce his rules, is sufficient to support Ray's conviction.

2. Ray also challenges his conviction under an alternative theory of liability which required the jury to find that he "knew" or "reckless[ly] disregard[ed]" that the victim was under 18, or that he "had a reasonable opportunity to observe" her. Because the evidence was sufficient to support the jury's finding that Ray trafficked the victim by force, threats of force, or coercion, any error relating to this alternative theory was harmless.

3. Ray concedes that his challenge to the lack of a scienter requirement regarding the interstate commerce element of 18 U.S.C. § 1591(a) is foreclosed by

*United States v. Backman*, 817 F.3d 662, 666-67 (9th Cir. 2016).  His argument is preserved for future review, but we are bound to reject it.

4. Ray argues that the facts underlying his 2007 conviction for a violation of 18 U.S.C. § 1591(a) were introduced in violation of Federal Rules of Evidence 403 and 404(b).  The district court instructed the jury not to consider this evidence "as meaning that simply because he might have been convicted of a similar offense in the past, that that necessarily means that he committed this offense."  In her closing argument, the prosecutor repeatedly highlighted the similarities between the facts of the prior offense and the allegations against Ray.  She argued that Ray "used coercion, and force, and threats of force previously.  This is the defendant's MO.  This is what he does.  He is a pimp, and he uses force or other techniques to keep the girls working for him in line."  It is difficult to distinguish the use to which this evidence was put from the use Rule 404(b) prohibits.  As we have often warned, "evidence of prior bad acts is not admissible merely to show a propensity for criminal behavior."  *United States v. Danielson*, 325 F.3d 1054, 1075 (9th Cir. 2003).  Nevertheless, while the district court may have abused its discretion in admitting the facts underlying Ray's 2007 conviction, we are convinced that any error was harmless due to the ample other evidence tending to show Ray's guilt.

5. Finally, Ray argues that the district court erred in sentencing him to 30 years imprisonment under U.S.S.G. § 4B1.5.  He argues that the district court

should instead have applied U.S.S.G. § 4B1.1(a) because his offense is "a crime of violence" within the meaning of that guideline. We need not decide whether Ray's conviction qualifies as a crime of violence because the district court's remarks at sentencing establish that any error was harmless. When imposing the sentence upon Ray, the district court mistakenly believed that the guideline range under § 4B1.5 was 360 months to life, which is the range that would have applied under § 4B1.1(a). Acting under that misapprehension, the court imposed a sentence of 360 months. The prosecutor then pointed out the court's error, saying, "The guideline is life. It is not 360 to life. It is life." The court replied, "Well, then in that case, I will vary. Because I think that 360 months is sufficient for the reasons I've stated previously." The sentence Ray received is therefore identical to what he would have received if § 4B1.1(a) applied, and any error in applying § 4B1.5 was harmless.

**AFFIRMED**.