NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30133 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00458-MO-1 |
| v. | |
| JOHNL JACKSON, AKA Nelly, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted October 18, 2023[**]
Portland, Oregon

Before: KOH and SUNG, Circuit Judges, and EZRA,[***] District Judge.

Johnl Jackson appeals his conviction for conspiracy to commit sex

trafficking of a minor and two counts of using force, fraud, or coercion to sex

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

traffic a minor (referred to as "MV5") under 18 U.S.C. § 1591. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Sufficient evidence supported Jackson's conviction. We review challenges to the sufficiency of evidence de novo. *See United States v. Barragan*, 871 F.3d 689, 705 (9th Cir. 2017). We "must consider the evidence presented at trial in the light most favorable to the prosecution," and then "determine whether this evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (alteration in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Jackson argues that the evidence that Jackson took the minor victims far from home, isolated them from their families, and made them dependent on him for food, shelter, and drugs, was not enough to establish the element of force or coercion as a matter of law. However, the evidence also established that Jackson directed his co-defendant to slap MV5 and that he openly carried a firearm when interacting with MV5. Viewing all of the evidence in the light most favorable to the prosecution, we conclude that a rational juror could have found all of the essential elements, including force or coercion, beyond a reasonable doubt.

2. The district court did not err in excluding evidence under Federal Rules of Evidence 412 and 403 that Jackson argues was necessary for his defense. We

2

review a district court's evidentiary rulings for abuse of discretion. We review de novo the district court's interpretation of the Federal Rules of Evidence, *United States v. Kahre*, 737 F.3d 554, 565 (9th Cir. 2013), and whether the district court's evidentiary rulings violated the defendant's constitutional rights, *United States v. Laursen*, 847 F.3d 1026, 1031 (9th Cir. 2017).

The exclusion of evidence that purportedly would show the minor victim engaged in other prostitution activity did not violate Jackson's constitutional rights. The proffered evidence of other alleged prostitution activity was very thin. Moreover, evidence of a trafficking victim's other prostitution activity has little or no relevance to the question of whether a defendant used force, fraud, or coercion to cause the victim to be trafficked. *United States v. Haines*, 918 F.3d 694, 697–98 (9th Cir. 2019) (collecting cases). Because the evidence that Jackson sought to present is only tenuously connected to his theory that he did not use force, fraud, or coercion to cause the victim to engage in commercial sex acts, he cannot show that his constitutional rights were violated. *See Holmes v. South Carolina*, 547 U.S. 319, 330 (2006) (district judges may "focus the trial . . . by excluding evidence that has only a very weak logical connection to the central issues").

Additionally, the district court allowed Jackson to introduce evidence of MV5's sexual relationship with Charlie Hernandez and evidence of some relationship with Depree Smith and Keonte Scott. This evidence enabled Jackson

to present his theory of the case. The district court did not abuse its discretion in concluding that any probative value of the excluded evidence would be outweighed by its prejudicial effect.

The district court did not abuse its discretion in excluding evidence of the victim's alleged sexual relationship with the co-defendant, Petrovic, for failure to comply with Rule 412's procedural notice requirements. Jackson only vaguely described the evidence to be introduced, and he did not provide any explanation of the good faith basis for believing that Petrovic and MV5 had a sexual relationship. Because Jackson described the evidence so vaguely and insufficiently, exclusion of the evidence was "not arbitrary nor disproportionate to the purposes behind Rule 412's procedural requirements." *United States v. Chang Ru Meng Backman*, 817 F.3d 662, 670 (9th Cir. 2016) (concluding exclusion of evidence for failure to comply with Rule 412's procedural requirements was "within constitutional bounds" where the defendant's Rule 412 motion "was vague as to the precise nature of the evidence").

**AFFIRMED.**